**Michael HOOTS, Respondent,**

v.

**WASHINGTON UNIVERSITY, Appellant.**

**No. ED 79656.**

Missouri Court of Appeals, Eastern District, Division Five.

April 9, 2002.

Kevin M. Leahy, Moser and Marsalek, P.C., St. Louis, MO, for appellant.

James J. Sievers, Jr., Sievers & Associates, Clayton, MO, for respondent.

Before JAMES R. DOWD, C.J. and PAUL J. SIMON and LAWRENCE E. MOONEY, JJ.

## *ORDER*

PER CURIAM.

Washington University (employer) appeals from an award of the Labor and Industrial Relations Commission (Commission) which adopted and affirmed the findings of fact and conclusions of law of the Administrative Law Judge and awarded to Michael Hoots (employee) Temporary Total Disability starting on August 15, 2000 and ending at the earliest of either employee's release to work or his attainment of "maximum medical improvement" from his surgeries, and past and future medical expenses stemming from his injuries. On appeal, employer contends that the Commission erred in: (1) finding that employee's shoulder and knee injuries were medically causally related to his employment in that such finding was against the overwhelming weight of the evidence, because the competent, substantial evidence supported the finding that employee's shoulder and knee injuries were not sustained on June 12, 1999, and were neither related to, nor arose out of, his employment; (2) finding employer liable for employee's past and future medical treatment to cure and relieve the effects of employee's shoulder and knee injuries in that such finding was against the overwhelming weight of the evidence because the competent, substantial evidence supported the finding that employee's shoulder and knee injuries were not sustained on June 12, 1999, and that employee was not entitled to medical treatment for those injuries; and (3)

awarding employee temporary total disability benefits from August 15, 2000 to the present in that such award was against the overwhelming weight of the evidence, because the competent, substantial evidence supported the finding that, because employee's shoulder and knee injuries were not sustained on June 12, 1999, he was not entitled to temporary total disability benefits for those injuries. Employee argues that employer's appeal is frivolous and requests sanctions pursuant to Rule 84.19.

We have reviewed the briefs of the parties and the record on appeal and no error of law appears. An extended opinion reciting detailed facts and restating principles of law would have no precedential or jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).